■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN HULSEN and JAMES WEBER, Appellants.— Appeal by defendants: (1) from a judgment of the Supreme Court, Suffolk County, entered May 25, 1959, after a jury trial' before its Extraordinary Trial and Special Term, convicting and sentencing them for the crimes of conspiracy, attempted extortion and coercion (Penal Law, § 580, § 850, § 530); and (2) from every intermediate order made in the action. Judgment reversed on the law and new trial granted. No separate appeal lies from the intermediate orders which have been reviewed on the appeal from the judgment. In our opinion it was highly prejudicial error to permit the admission into evidence of the 19 supplemental wire-tap records and transcripts of the series of telephone conversations between the defendants, and between ·them and others, during the period September 27, 1957 to October 23, 1957 (People's Exhibits 39 to 46A, inclusive). Such conversations occurred after the commission of the crimes charged; the conversations related to collateral matters and to independent transactions and events wholly unconnected with any of the offenses set forth in the' indictment; and the conversations had no logical reference to any of such offenses and did not prove or tend to prove defendants' guilt with respect to any of them. The nature of the contents of said wire-tap records and transcripts was such as to unduly prejudice the defendants in the minds of the jurors by reason of other conduct by defendants which had nothing at all to do with the present case. We deem this error most prejudicial in the light of the prosecutor's allusions, both in his jury opening and summation, to the nature of these telephone conversations as reflected in said wire-tap records and transcripts. Such error requires a new trial, as a matter of law. We have not considered any of the other grounds of alleged error. Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.